IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-261-BO

| | |
|---|---|
| MARK ELLIOTT FREEMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FAYETTEVILLE POLICE )<br>DEPARTMENT, )<br>)<br>Defendant. ) | **ORDER AND MEMORANDUM<br>AND RECOMMENDATION** |

This matter is before the court on Plaintiff's corrected application,[1] filed May 3, 2013, to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915, which permits an indigent litigant to commence suit in federal court without paying administration costs associated with such proceedings.[2] [DE-4]. Upon consideration of Plaintiff's application, the undersigned determines that Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs and his application to proceed *in forma pauperis* is GRANTED. Based on the following reasons, however, the court recommends that Plaintiff's complaint be dismissed as frivolous.

---

[1] Plaintiff filed an initial IFP application on April 8, 2013. [DE-1]. Plaintiff's initial IFP application was deficient as Plaintiff failed to respond to all questions on the application as directed by the written instructions. On April 26, 2013, the undersigned directed Plaintiff to file a properly completed application by May 10, 2013. [DE-3].

[2] Plaintiff's exhibits to his IFP application contain certain personal information (which includes financial-account numbers, routing numbers, and other financial information) that must be redacted or "blacked-out" before filing pursuant to Rule 5.2 of the Federal Rules of Civil Procedure. Accordingly, the Clerk of Court is DIRECTED to temporarily SEAL Docket Entry 4-1 pending redaction of personal information in compliance with this Order. If a redacted document is not filed within ten (10) days of this order, the document will be unsealed by the Clerk with no further order of the court.

I.

Where a plaintiff has obtained leave to proceed *in forma pauperis*, the court must conduct a review of the plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). Under the statute, a district court must dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006); *Cochran v. Morris*, 73 F.3d 1310, 1315–16 (4th Cir. 1996) (discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is deemed to be frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." *Adams v. Rice,* 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. *Neitzke,* 490 U.S. at 325. In addition, to withstand scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level...." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by an attorney. *See Haines v. Kerner*,

2

404 U.S. 519, 520 (1972). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n. 6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them". *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.

According to Plaintiff's complaint, Plaintiff seeks monetary and other damages from the Fayetteville Police Department. In particular, however, Plaintiff's hand-written complaint is marked by a lack of specificity and clarity, making it difficult to ascertain the precise nature of his claim. Where Plaintiff is asked to provide the basis of his complaint against Defendant, Plaintiff provided the following information:

> In addition Presiden Ronald Reagan fired thousands Air traifit controler after vilating executive order and United States Consitution this warranted in this another of relief [] jail time aid and anbeting fugetive a cover up. [] also inreference to other relief options for them to sorve time in super max Federal Prison money is not everything me I am seeking justice to be serve etc. I was told by The US Justice Department under the Bush administration with Alber [] Gonzales I could proceed an a independence counsel who is als a victim. This conduct is Police home grown sective [] talos voilence etc Closing Arugements if I do not live from the invisible procution spiral wickeness would justice to prevail over evil forces.
>
> On Fourth July 2005 I was at the Regendc Hotel I call Fayetteville Police they came out then after went down to see the watch comander and ask Him did The President make it back to USA soil from his trip to England I then left the police Dept at 467 Hay St and call the Sheriff Dept 323-1500 and they call Fayetteville Palice because had a Flat tire accross from the BP and [] by unemployment office handscaff and three palice beat me pound my head to US sail I ask what was the torror alert in USA before the President get back home I take if the teror Alert impose since 911 er red orange yellow green they me what the teror Alert busting head open bleeding on the pavement no citation issue me on the date they mace in the eyes with hand cuff and

3

show no treat to any of the officer jump me etc. They defraud medicare. they did not for the hospital or injures or cat scan of brain forhead scare bleeding this the type profesional I am dealing revenge since date profiling present 2013 the [] asking to pay punetive damages compensotory montary for relief in the amount of one zillion and that President Bush set up and manage trustee for charity charger membe Civil Rights all sueing officer for personal clothes house car etc. Since Rodney King these police cars are equip with cameras etc knowing what smart phones could do they also took pictures of they teror at cape fear valley hospital and pat it under the rug sopressing evidence!! In addition the Police Dept of Fayetteville aid abeting fugtive. The FBI hate crime apply in this issue dective Chris Cody know the officer invalue. I am alleging this conduct have happen to people I am calling for internal overhall of they crimes. I have written the USA Justice Dept letters about incadent they have same exibit of my writing also instruct me to sue them court US Attorney Abert Gonzales of the Bush Administration I am also request and apolyg to President Bush and his family of me Mark Elliott Freeman being honorable son also this matter is on resolve an the Cumberland County court house 117 Dick St where Fayetteville take the stand on many types of cases the court house aid an abeting harboring fugitives a reward would be granted after the ocome of judgement in this matter. I am also requesting The Federa burea of Investigation to post reward in this matter there of. In addition requesting violating Federal Civil Rights statute of the 1964 Civil Rights Acts as amended by Congress still inforce by the present 113 Congress was sign by President Lyndon Johson they go to a mental insitute for assaulting and I want political asilome to another country like Canada.

[DE-1-1] at 2-3, 5-8.

## III.

Plaintiff's complaint is incoherent and consists of delusional scenarios and irrational statements appearing to derive from Plaintiff's stream of consciousness. Plaintiff's recitation of the factual basis of his complaint fails to identify a cause of action asserted against Defendant and is equally devoid of any legal theory. Because Plaintiff has presented this court with no legal theory on which he seeks to recover, Plaintiff's complaint is legally baseless and must be dismissed as frivolous pursuant to 28 U.S.C. § 1915. *See Nietzke*, 490 U.S. at 327. For these reasons, this court RECOMMENDS that Plaintiff's complaint be DISMISSED AS FRIVOLOUS.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the

4

respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

Submitted, the 9th day of May, 2013.

Robert B. Jones, Jr.
United States Magistrate Judge